IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA KENNEDY, ANTONIA MITCHELL, RENEE CAMARILLO, BELINDA PIERCE, and PEBBLES MCARTHUR, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN CARE, LLC<br>c/o Ellen Farran<br>13888 Walking Stick Way<br>Strongsville, Ohio 44136<br><br>-and-<br><br>DENISE RIEHLE<br>11307 Grafton Road<br>Grafton, Ohio 44044<br><br>Defendants. | CASE NO. 1:17-cv-2444<br><br>JUDGE:<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Melissa Kennedy, Antonia Mitchell, Renee Camarillo, Belinda Pierce, and Pebbles McArthur, by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, bring this Complaint against Defendants Certain Care, LLC ("Certain Care") and Denise Riehle, and in support of their claims, state as follows:

**PRELIMINARY STATEMENT**

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as home health care aides for Defendants, in the business of providing home health care services to the general public.

2. Defendants employ home health care aides or those working in similar job positions, and classifies them as "exempt" employees, paying them on an hourly basis for all hours worked, even when more than 40 hours of work is performed in a particular work week.

3. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendants' unlawful classification of Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees as "exempt" for the purposes of overtime compensation, and Defendants' failure to compensate Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees for all hours worked, Defendants have violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, Ohio Rev. Code § 4113.15 by failing to pay Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required by the FLSA, OMFWSA, and Ohio Rev. Code § 4113.15.

5. Kennedy, Mitchell, Camarillo, Pierce, and McArthur bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

7. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

8. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendants operate business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

9. Plaintiff Melissa Kennedy is a resident of the city of Lakewood, county of Cuyahoga, and state of Ohio. Between 2009 and September 28, 2017 Kennedy worked for Defendants as a home health care aide.

10. Plaintiff Antonia Mitchell is a resident of the city of Parma, county of Cuyahoga, and state of Ohio. Between March 2009 and October 3, 2017, Mitchell worked for Defendants as a home health care aide.

11. Plaintiff Renee Camarillo is a resident of the city of Elyria, county of Lorain, and state of Ohio. Between February 2011 and November 4, 2017, Camarillo worked for Defendants as a home health care aide.

12. Plaintiff Belinda Pierce is a resident of the city of Strongsville, county of Cuyahoga, and state of Ohio. Between January 2010 and October 26, 2017, Pierce worked for Defendants as a home health care aide.

13. Plaintiff Pebbles McArthur is a resident of the city of Cleveland, county of Cuyahoga, and state of Ohio. Between 2009 and November 4, 2017, McArthur worked for Defendants as a home health care aide.

**Defendants**

14. Together, Defendants have employed Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees at all times relevant as a single enterprise.

**Certain Care, LLC**

15. Defendant Certain Care is an Ohio corporation with its principal place of business located at 11307 Grafton Road, Grafton, Ohio 44044.

16. Certain Care provides home health care services including custodial and skilled home health care services to elderly and disabled persons in their homes.

17. Certain Care directly employs home health care workers to provide home health care services.

18. Certain Care is an "employer" of Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

19. "Certain Care, LLC" was the corporate entity listed on Kennedy, Mitchell, Camarillo, Pierce, and McArthur's work schedules for the work they completed for Defendants.

20. At all relevant times, Certain Care maintained control, oversight, and direction over Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

21. At all relevant times, Certain Care has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

22. Certain Care's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

**Denise Riehle**

23. Defendant Denise Riehle is the founder, owner, and operator of Certain Care.

24. Riehle is a resident of the city of Grafton, county of Lorain, and state of Ohio.

25. Riehle is listed as "Owner" and "Managing Member" of Certain Care on Certain Care's publicly available website.

26. Riehle is listed as "Owner" and "Founder" of Certain Care on her publicly available LinkedIn profile.

27. At all relevant times, Riehle has been an "employer" of Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

28. At all relevant times, Riehle has been actively involved in managing the operations of Certain Care.

29. At all relevant times, Riehle has had control over Certain Care's pay policies.

30. At all relevant times, Riehle has had power over personnel and payroll decisions at Certain Care.

31. At all relevant times, Riehle has had the power to stop any illegal pay practices that harmed Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees.

32. At all times relevant, Riehle has had the power to transfer the assets and liabilities of Certain Care.

33. At all relevant times, Riehle has had the power to declare bankruptcy on behalf of Certain Care.

34. At all relevant times, Riehle has had the power to enter into contracts on behalf of Certain Care.

35. At all relevant times, Riehle has had the power to close, shut down, and/or sell Certain Care.

## FACTUAL ALLEGATIONS

36. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees work or worked for Defendants as home health care aides during the applicable statutory period.

37. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees perform home health care services for elderly, disabled, or infirm individuals.

38. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees are not staffing or frontline supervisors responsible for overseeing other home health care aides and the home health care services Defendants provide to its customers.

39. As of January 1, 2015, all home health care workers are entitled to overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek

40. Defendants compensated and/or compensate Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees for their work on an hourly basis.

41. Defendants suffered and permitted Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees to work more than forty (40) hours per workweek.

42. Defendants have a common policy of not paying Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

43. In calculating Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees' overtime pay, Defendants only paid them their regular hourly rate (*i.e.*, straight time rate), rather than the legally require one and one-half times their regular rate of pay.

44. Defendants willfully operated under a common scheme to deprive Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

45. As a home health care company that has operated for over fifteen (15) years, Defendants were or should have been aware that Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees performed work that required proper payment of overtime compensation.

46. Defendants knew that Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees worked overtime hours without receiving proper overtime pay because Defendants required Kennedy, Mitchell, Camarillo, Pierce, McArthur, and similarly situated employees to record and submit records of their work hours.

47. Defendants were investigated and reached a settlement with the Department of Labor over its unlawful practices regarding overtime compensation violations.

48. Even after Defendants were investigated and reached a settlement with the Department of Labor over its unlawful payment practice, Defendants continued to violate the FLSA and withhold overtime compensation from its employees.

49. Defendants were aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50. Kennedy, Mitchell, Camarillo, Pierce, and McArthur bring Count I on behalf of themselves and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

> All home health care workers who have been employed by Certain Care, LLC from January 1, 2015 until the date of final judgment in this matter, and worked more than forty (40) hours in one or more workweeks.

51. Kennedy, Mitchell, Camarillo, Pierce, and McArthur consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Kennedy, Mitchell, Camarillo, Pierce, and McArthur's signed consent forms are filed with the Court as Exhibits A through E to this Complaint.

52. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

53. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

54. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective.

55. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

**COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA**
**(On Behalf of Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective)**

56. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

57. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

58. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendants to pay non-exempt employees like Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

59. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

60. Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective.

61. Defendants knew Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 255.

62. Defendants' willful failure and refusal to pay Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

63. As the direct and proximate result of Defendants' unlawful conduct, Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Kennedy, Mitchell, Camarillo, Pierce, McArthur, and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## COUNT II – FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
**(On Behalf of Kennedy, Mitchell, Camarillo, Pierce, and McArthur)**

64. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

65. Kennedy, Mitchell, Camarillo, Pierce, and McArthur worked more than forty (40) hours in one or more workweeks.

66. Starting January 1, 2015, Defendants did not pay Kennedy, Mitchell, Camarillo, Pierce, and McArthur at least one and a half times their normal hourly rate for time worked in excess of forty (40) per workweek.

67. By not paying Kennedy, Mitchell, Camarillo, Pierce, and McArthur proper overtime wages for time worked in excess of forty (40) per workweek, Defendants have violated the OMFWSA.

68. As a result of Defendants' violations, Kennedy, Mitchell, Camarillo, Pierce, and McArthur are entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorney's fees.

## COUNT III – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF Ohio Rev. Code § 4113.15
**(On Behalf of Kennedy, Mitchell, Camarillo, Pierce, and McArthur Against Certain Care, LLC)**

69. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

70. During all relevant times, Certain Care was an entity covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Kennedy, Mitchell, Camarillo, Pierce, and McArthur were employees within the meaning of Ohio Rev. Code § 4113.15 and were not exempt from its protections.

71. Ohio Rev. Code § 4113.15(A) requires that Certain Care pay Kennedy, Mitchell, Camarillo, Pierce, and McArthur all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

72. Kennedy, Mitchell, Camarillo, Pierce, and McArthur's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

73. In violating Ohio law, Certain Care acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

74. As a result of Certain Care's willful violation, Kennedy, Mitchell, Camarillo, Pierce, and McArthur are entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

**WHEREFORE**, Plaintiffs Melissa Kennedy, Antonia Mitchell, Renee Camarillo, Belinda Pierce, and Pebbles McArthur pray for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Kennedy, Mitchell, Camarillo, Pierce, McArthur, and their counsel to represent the collective action members;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Ohio Rev. Code § 4113.15;

D. An award of unpaid overtime wages under the OMFWSA;

E. Liquidated damages under Ohio Rev. Code § 4113.15;

F. An award of any pre-judgment and post-judgment interest.

G. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

H. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Peter C. Mapley (0092359)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com
mapley@swmlawfirm.com

*Attorney for Plaintiffs Melissa Kennedy, Antonia Mitchell, Renee Camarillo, Belinda Pierce, Pebbles McArthur, and the FLSA Collective*

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)