UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

MELISSA KENNEDY, *et al*.

        Plaintiffs,

  vs.

CERTAIN CARE, LLC, *et al.*,

        Defendants.

------------------------------------------------------

CASE NO. 1:17-cv-2444

OPINION & ORDER
[Resolving Doc. 9]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants move to stay this action under the abstention doctrine in light of a pending state court action.[1] Plaintiffs oppose.[2] For the following reasons, the Court **DENIES** the motion to stay.

In *Colorado River Water Conservation v. United States*, the Supreme Court held that, in accordance with wise judicial administration, to conserve judicial resources, federal courts may stay a case solely because there is similar litigation pending in a state court.[3]

To determine whether the *Colorado River* abstention doctrine applies, the Sixth Circuit requires courts first determine whether there is a parallel proceeding in state court.[4] Suits are parallel when the actions are inextricably interwoven and involve substantially the same parties litigating substantially the same issues.[5] The key inquiry is whether the "state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."[6] Only after finding the actions are parallel can the Court consider other factors.[7]

---

[1] Doc. 9.
[2] Doc. 12.
[3] 424 U.S. 800, 818 (1976).
[4] *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).
[5] *Id.* at 340.
[6] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).
[7] *Romine*, 160 F.3d at 340-41.

Case No. 1:17-cv-2444
Gwin, J.

In the instant action, Plaintiffs sue Defendants for (1) overtime pay under the Fair Labor Standards Act (FLSA) and an analogous Ohio statute and (2) untimely wage payments under an Ohio statute.[8]  Plaintiffs also allege an FLSA collective action.[9]

Defendants argue that their pending state court case against some of the Plaintiffs for breach of nondisclosure and non-competition agreements in their employment contracts is parallel to the instant action.[10]  Defendants argue the issues are similar because Plaintiffs claim in the state court suit that their employment contracts are void due to the contracts' misclassification of them as independent contractors under the FLSA and Ohio statute.[11]

The Court finds that the two actions are not parallel.  The issues are not substantively similar.  The state court suit centers on some Plaintiffs' alleged theft of a client in violation of their employment agreements.[12]  In contrast, the instant federal case involves claims for overtime pay and untimely wages.  Resolution of the Plaintiffs' defense concerning independent contractor-classification in the state court suit will not resolve in the instant action the issues of collective action certification, the untimely wages claim, or the calculation of damages – to name a few. Therefore, the Court declines to apply the *Colorado River* abstention doctrine here.

Accordingly, the Court **DENIES** Defendants' motion to stay.

IT IS SO ORDERED

Dated:  February 22, 2018         *s/         James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[8] *See* Doc. 1.
[9] *See id.*
[10] Doc. 9 at 5-7.
[11] *Id.* at 5.
[12] *See id.* at 2-3.