UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| MELISSA KENNEDY, et al., | : | CASE NO. 1:17-cv-2444 |
| Plaintiffs, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 13] |
| CERTAIN CARE, LLC, et al., | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs are home health care workers who allege that their employers, Defendants Certain Care, LLC ("Certain Care") and Denise Riehele, failed to pay them overtime wages in violation of the Fair Labor Standards Act (FLSA).[1] Plaintiffs move for conditional certification of an FLSA collective action for themselves and others similarly situated.[2] Defendants oppose.[3]

For the reasons below, the Court **GRANTS** conditional certification.

## I. BACKGROUND

Each of the named Plaintiffs − Melissa Kennedy, Antonia Mitchell, Renee Camarillo, Belinda Pierce, and Pebbles McArthur − worked as home health care workers for Defendant Certain Care sometime between January 1, 2015 and the present.[4] They allege that Certain Care had a uniform policy of not paying their home health care workers, including the named Plaintiffs, any overtime pay for hours worked over 40 hours a week in violation of the FLSA.[5]

Plaintiffs now move to conditionally certify a collective action of:

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 17.
[4] Doc. 13-1 at ¶ 3; Doc. 13-3 at ¶ 3; Doc. 13-5 at ¶ 3; Doc. 13-7 at ¶ 3; Doc. 13-9 at ¶ 3.
[5] Doc. 13-1 at ¶¶ 9-10; Doc. 13-3 at ¶¶ 9-10; Doc. 13-5 at ¶¶ 9-10; Doc. 13-7 at ¶¶ 9-10; Doc. 13-9 at ¶¶ 9-10.

Case No. 1:17-cv-2444
Gwin, J.

> All home health care workers who have been employed by Certain Care, LLC from January 1, 2015 to the present and worked more than forty (40) hours in one or more workweeks.[6]

## II. LEGAL STANDARD

Under 29 U.S.C. § 216(b), a plaintiff employee alleging an FLSA violation can bring a representative action for herself and similarly situated persons. To do so, "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."[7]

While the FLSA does not define "similarly situated," the Sixth Circuit has said that FLSA plaintiffs may proceed collectively when "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[8]

The Sixth Circuit uses a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated."[9]

First, there is the "notice" stage that occurs at the beginning of discovery.[10] At this stage, a plaintiff must make only a "modest factual showing" and needs to show "only that his position is similar, not identical, to the positions held by the putative class members."[11] Because a district court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in 'conditional certification' of a representative class."[12]

---

[6] Doc. 13 at 9.
[7] *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citations omitted).
[8] *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).
[9] *Comer*, 454 F.3d at 546-47.
[10] *Id.* at 546.
[11] *Id.* at 547 (quotations omitted).
[12] *Id.* (citations omitted).

The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[13] "At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."[14]

### III. ANALYSIS

Plaintiffs have met the "modest factual showing" required for conditional certification of this collective action.

In support of their motion, Plaintiffs submit declarations stating that they worked as home health care workers for Certain Care and were paid the same hourly rate for all hours worked.[15] Plaintiffs submit their earning statements as corroboration.[16] Plaintiffs also state in their declarations they understood that all home health aides for Certain Care were subject to the same pay policies.[17]

Plaintiffs' declarations and invoices are more than sufficient to make a "modest factual showing" that they are "similarly situated" to the putative collective action members.

Defendants' arguments opposing conditional certification do not succeed.

First, Defendants argue that the time period for the proposed collective action exceeds the FLSA's two-year statute of limitations.[18] Because Plaintiffs filed this action on November 21, 2017, Defendants argue that the starting date for the collective action time period should be November 21, 2015.[19]

---

[13] *Id.*
[14] *Id.*
[15] Doc. 13-1 at ¶ 7; Doc. 13-3 at ¶ 7; Doc. 13-5 at ¶ 7; Doc. 13-7 at ¶ 7; Doc. 13-9 at ¶ 7.
[16] Doc. 13-2; Doc. 13-4; Doc. 13-6; Doc. 13-8; Doc. 13-10.
[17] Doc. 13-1 at ¶¶ 9-10; Doc. 13-3 at ¶¶ 9-10; Doc. 13-5 at ¶¶ 9-10; Doc. 13-7 at ¶¶ 9-10; Doc. 13-9 at ¶¶ 9-10.
[18] Doc. 17 at 4.
[19] *Id.* at 5.

Case No. 1:17-cv-2444
Gwin, J.

The Court disagrees. The FLSA permits a three-year statute of limitations for willful FLSA violations.[20] Plaintiffs have alleged that Defendants willfully violated the FLSA.[21] While Defendants argue that there is no evidence of willfulness,[22] that is ultimately a merits question not appropriate for consideration on a motion for conditional certification.[23]

Next, Defendants argue that even if a three-year statute of limitations applies, the proposed time period should only start on October 13, 2015, when the Department of Labor (DOL) rule[24] requiring overtime pay for home health care workers became final.[25] Although the final DOL rule was to take effect on January 1, 2015,[26] Defendants argue that the rule did not become final until October 13, 2015 when the D.C. Circuit issued its mandate reversing the district court's 2014 order vacating the rule.[27]

The Sixth Circuit has not addressed this issue, and district courts have come to conflicting conclusions.[28] The Court, however, follows the reasoning from many district courts and finds that the DOL rule became final on January 1, 2015.[29]

In *Harper v. Virginia Department of Taxation*, the Supreme Court held that judicial decisions, as opposed to statutes and regulations, apply retroactively.[30] According to this principle, when a court applies a rule of law to the parties before it, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and

---

[20] 29 U.S.C. § 255(a).
[21] Doc. 1 at ¶¶ 44, 54, 61, 62, 73, 74.
[22] Doc. 17 at 5.
[23] *See, e.g.*, *Hamric v. True N. Holdings, Inc*, No. 1:16-CV-01216, 2016 WL 3912482, at *2 (N.D. Ohio July 20, 2016).
[24] 29 C.F.R. § 552.6.
[25] Doc. 17 at 4-5.
[26] 29 C.F.R. § 552.6; *see also* 80 Fed. Reg. 65646 (Oct. 27, 2015).
[27] Doc. 17 at 3-4 (citing *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1097 (D.C. Cir. 2015)).
[28] *See Brittmon v. Upreach, LLC*, No. 2:17-CV-219, 2018 WL 557920, at *3 (S.D. Ohio Jan. 23, 2018).
[29] *See, e.g.*, *id.* at *3; *Richert v. LaBelle HomeHealth Care Serv. LLC*, No. 2:16-CV-437, 2017 WL 4349084, at *2-3 (S.D. Ohio Sept. 29, 2017); *Dillow v. Home Care Network, Inc.*, No. 1:16-CV-612, 2017 WL 749196, at *4 (S.D. Ohio Feb. 27, 2017).
[30] *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993).

as to all events, regardless of whether such events predate or postdate [the court's] announcement of the rule."[31]

Therefore, under *Harper*, the D.C. Circuit's reversal of the district court's vacatur of the final DOL rule made the final DOL rule effective as of January 1, 2015. Accordingly, the Court finds no issue in conditionally certifying a collective action for a time period that begins on January 1, 2015.

Lastly, Defendants argue that Plaintiffs are not similarly situated to the prospective collective action members because they violated non-competition and non-disclosure agreements.[32]

The Court fails to see how this concerns whether Plaintiffs received overtime payment under the FLSA during their employment with Certain Care, which is the only matter at issue in this conditional certification motion. Even if Plaintiffs' alleged violations were relevant, such information still does not defeat conditional certification. The named Plaintiffs need not be "identical" to the prospective collective action members in order to be "similarly situated."

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** conditional certification of the following collective action:

> All home health care workers who have been employed by Certain Care, LLC from January 1, 2015 to the present and worked more than forty (40) hours in one or more workweeks.

The Court **ORDERS** Defendants to provide Plaintiffs with the name, last known home address (including zip code), last known telephone number, last known email address, and dates

---

[31] *Id.*
[32] Doc. 17 at 5-7.

Case No. 1:17-cv-2444
Gwin, J.

of employment of all individuals within the above-defined collective action. Defendants are to provide this information to Plaintiffs within fifteen days of this Order.

Additionally, the Court **ORDERS** the parties to meet and confer regarding the proposed notification and consent forms to be issued by the Plaintiffs apprising potential plaintiffs of their rights under the FLSA to opt-in as parties to this litigation. The Court **ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court the proposed language for the notification and consent forms, along with a report of how the forms will be sent to prospective plaintiffs. In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[33]

IT IS SO ORDERED

Dated: March 9, 2018                                  *s/            James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[33] *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).